

HENRY L. KIM*
JOSHUA S. LIM*
KENDAL SIM*
SEAN S. KWAK*
NICHOLAS J. DUBOIS*
JOHN CHEN*

**KIM, CHO & LIM, LLC**
Attorneys at Law

NY Office:
164-01 Northern Boulevard
2nd Floor
Flushing, NY 11358
T: 718.539.7400
F: 917.463.1590

\*   Admitted in NJ & NY

460 Bergen Boulevard, Suite 305, Palisades Park, NJ 07650
T: 201.585.7400   F: 201.585.7422

Reply to NJ Address only

May 23, 2022

Via ECF
United States District Court
Southern District of New York
ATTN: HON. VERNON S. BRODERICK, U.S.D.J.
40 Foley Square
New York, NY 10007

   RE: **JUSTIN HONG v. NEW YORK MEAT, INC., et al.**
      Case No.: 1:21-cv-08253-VSB

Dear Judge Broderick,

  As Your Honor is aware, this office represents the plaintiff, Justin Hong ("Hong" or "Plaintiff") in the above-referenced matter. This office and Hur, Lash & Choe, LLP, the attorneys for all defendants in this matter, jointly submit this letter to advise the Court that the parties have settled and executed a settlement agreement ("Agreement") annexed hereto as Exhibit A. The parties respectfully request that the Court approve the terms of the parties' settlement.

### Statement of the Case

  Plaintiff alleged that he was an employee of defendants, jointly, under the common control of the individual defendant, Jong Hwan No. Plaintiff alleged to have worked at various offices and store locations operated by the corporate defendants. Plaintiff alleged he was paid an hourly wage at retail, restaurant and/or takeout establishment operated under the trade name "Han Kook Jung Yook" and "Kono Chicken"; paid a flat rate plus tips for a venue hosting business operated by the Reception House New York, Inc., and paid a fixed salary at a meat wholesale company operated by New York Meats, Inc. During a certain period of his employment with New York Meats, Inc., Plaintiff claimed to have driven a company vehicle to and from work, which constituted compensable work time. Plaintiff claimed that the individual Defendant, Jong Hwan No, was the common owner and/or individual in control of all these businesses and, as such, alleged that all these corporate and individual defendants were joint employers. In accordance with his claims, Plaintiff alleged he regularly worked a significant number hours in excess of forty (40) in a workweek, having combined his hours for all of the corporate defendants work locations. Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA") for unpaid minimum wages and overtime premium and violations of the New York Labor Law ("NYLL") for unpaid minimum

wages, overtime premium, spread of hours premium, statutory damages under NYLL § 198(1-b) and (1-d).

Defendants denied Plaintiff's allegations in his pleading. Defendants maintain that the corporate defendants were operated separately and independently and, as such, Plaintiff cannot simply add up all his work hours for all of the corporate defendants work locations. Defendants further maintain that Plaintiff was paid for all his work hours at a rate above the minimum wage and for all of the applicable overtime premium, if any were due. Defendants further maintain that the statutory damages under the NYLL § 198 are not due because they have made full and timely payment of all wages due to Plaintiff.

This proceeding is at its early stage with the mediation conference currently scheduled for March 2, 2022; the parties have engaged in an extensive settlement negotiation in good faith without the mediator's involvement and have reached the settlement with the terms set forth below.

### SETTLEMENT NEGOTIATIONS AND TERMS

The parties began their negotiation as soon as the counsel for Defendants, Scott Hur, Esq., had made his appearance as counsel. Thereafter, the parties have diligently discussed the settlement, including by holding a Zoom® conference wherein the individual defendant, Mr. No, and Plaintiff exchanged a dialogue of their understanding, and whereby the parties were able to resolve their differences. Shortly thereafter, the parties have exchanged their settlement offers and demands, and have accepted terms as follows: Defendant will pay $50,000 for the settlement of all claims asserted in this action.

### THE TERMS OF SETTLEMENT ARE FAIR AND REASONABLE

This Court,

> [i]n determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citing Medley v. Am. Cancer Soc., 10-cv3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010).

By Plaintiff's calculation, assuming all his alleged hours and correct and that all Defendants are joint employers (hence adding all his work hours), Plaintiff's maximum recovery is $52,492.50 for unpaid overtime, the same amount as liquidated damages, and an additional $10,000 as statutory damages for a total amount of $124,025.93. On the contrary, if Defendants

are successful in showing their case, disproving Plaintiff's joint-employer theory and thereby removing almost all of Plaintiff's claimed overtime hours (both because more hours would count towards regular hours, without overtime, and Plaintiff's in-between travel time would be non-compensable), may be as low as $10,000 (minimal overtime premium, plus statutory damages).

By this settlement, the parties will avoid the burdensome costs of proving (and disproving) their respective case. Defendants have maintained records of Plaintiff's work hours at some locations, but not at others. If this litigation were to proceed, the parties would have a heated dispute, among other things, concerning Plaintiff's work hours and his wage rates for each employer. The parties would also bear a significant risk: Plaintiff may collect a mere one-tenth of his alleged damages, whereas Defendants may pay up to ten times what it may be liable for technical violations. On that note, the compromise by both parties, which resulted in a settlement figure about half-way between the parties' respective positions, is fair and reasonable.

The parties have engaged in several good faith and arm's length negotiations. As set forth above, the parties (Mr. No and Plaintiff, individually) have held over an hour-long conference via Zoom, in presence of their respective counsel, and had an opportunity to explain their claims and defenses. The final settlement amount is a result of that meeting, along with the advice of counsel considering the risks and benefits of an early settlement. There is no possibility of fraud or collusion, as the parties were directly involved in the negotiation and have been kept abreast of all offers and demands and provided an ample opportunity to reject any offers and demands.

Considering the above factors, the parties respectfully request that the settlement amount, as well as other terms and conditions contained in the Agreement, represent a reasonable compromise of the *bona fide* disputed issue in this case, and is fair to Plaintiff and the terms are reasonable. Plaintiff has made an informed decision to settle this matter and to avoid the burdens, costs, and risks associated with trial and collection.

### **PLAINTIFFS' ATTORNEYS' FEES ARE FAIR AND REASONABLE**

Pursuant to the settlement agreement and the contingency retainer between Plaintiff and his counsel, Plaintiff's counsel will receive one-third of the settlement after deducting costs and expenses. That is, Plaintiff's counsel will receive $740.96 for pre-paid expenses (service of process fee and filing fees and $16,419.68 as attorneys' fees.

The courts in this Circuit "routinely grant[ ] requests for one-third of the settlement funds. Febus v. Guardian First Funding Group, LLC, 870 F.Supp.2d 337, 339 (S.D.N.Y. 2012) (citing Johnson v. Brennan, 10-cv-4712, 2011 WL 4357376, at *19 (S.D.N.Y. Sept. 16, 2011). While the Court may apply the "percentage of the fund" method or the lodestar method, the "trend in this Circuit is toward the percentage method." Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 121 (2d Cir. 2005). This is because the "percentage of the fund" method aligns the interest of the Plaintiff and his counsel, whereas the lodestar method disincentivizes early settlement, "tempts lawyers to run up their hours, and compel[ ] district courts to engage in a gimlet-eyed review of line-item fee audits." Ibid. "Nonetheless, the Court still considers all the "*Goldberger* factors" to

confirm the reasonableness of this award." Febus, 870 F.Supp.2d at 339. The *Goldberger* factors are:

> (1) the time and labor expended by counsel;
> (2) the magnitude and complexities of the litigation;
> (3) the risk of the litigation ...;
> (4) the quality of representation;
> (5) the requested fee in relation to the settlement; and
> (6) public policy considerations.

Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 121 (2d Cir. 2005) (citing Goldberger v. Integrated Res., Inc., 209 F.3d 43, 49 (2d Cir. 2000)). Here, the factors weigh in favor of approving Plaintiff's counsel's fee representing one-third of total settlement.

The first factor encompasses the lodestar method to a certain extent. Plaintiff's counsel has spent a total of 23.25 hours (plus 5.25 hours of paralegals' time). The lead counsel, Sean S. Kwak, Esq., spent 22 hours in this matter, of which 17.75 hours were spent for litigation-related matters and 4.25 hours were spent for settlement negotiation and drafting the Agreement. Plaintiff's counsel, Sean S. Kwak, Esq., generally bills under non-contingency retainers at $375-$425 per hour. For Plaintiff and in contingency matters, Mr. Kwak bills at $400 per hour. Mr. Kwak has graduated from the Buffalo Law School in 2017 February and have practiced primarily in employment litigation and commercial litigation beginning in March of 2017 and until the present. Given his five (5) years' experience in the relevant field of law, his hourly rate is reasonable. The lodestar of the attorneys' fee is $12,200. The lodestar multiplier to arrive at the requested fee award is only 1.345, which is reasonable in FLSA/NYLL settlements. Plaintiff's counsel's billing statement, in the form of an invoice (not actually billed or collected) is annexed hereto as **Exhibit B.**[1]

The second factor is neutral at a minimum. Unlike other simple FLSA cases, Plaintiff worked at a minimum of four (4) locations, complicating the analysis. Prior to the lawsuit and during the parties' negotiation, Plaintiff has to advance facts that would show the defendants' joint-employer status. In calculating the damages, too, counsel needed a clear understanding of the different methods of wage payment and the interplay among them, where the wage rates for overtime hours and regular hours (calculated on an hourly basis or via other methods, such as methods under the fluctuating workweek method or that explained in Moon v. Kwon, 248 F. Supp. 2d 201, 207 (S.D.N.Y. 2002)). Although the "facts" may have been fairly simple, discovering the relevant facts to advance Plaintiff's claims, and calculating Plaintiff's claimed correct wages due, was a rather complex and painstaking task.

Risk is inherent in taking any litigation to completion. Beckman v. KeyBank, N.A., 293 F.R.D. 467 (S.D.N.Y. 2013). The risk in this action was particularly greater because the majority of Plaintiff's claims depended on the success in proving his joint-employer theory. Plaintiff's

---

[1] The invoice covers period up to April 26, 2022, and therefore does not include any time spent on finalizing the settlement agreement and this application, as well as in attending a conference with Judge Broderick on 4/28/2022.

counsel took on that risk and have successfully resolved the matter for Plaintiff to his satisfaction. Plaintiff's counsel takes pride in providing quality legal services to his clients.

The fee requested is one-third of the total settlement, after first deducting the Plaintiff's counsel's out-of-pocket costs. By deducting the costs up-front, Plaintiff's counsel is actually paying one-third of the costs as well. As set forth above, the courts in this Circuit "routinely grant[ ] requests for one-third of the settlement funds. Febus, 870 F.Supp.2d at 339 (S.D.N.Y. 2012). The award of the one-third fees, which is consistent with the terms of the retainer agreement between Plaintiff's and his counsel, is supported by public policy considerations as well. Plaintiffs' counsel take on the risk of litigation, not knowing the ultimate recovery and putting in upfront "investment" by representing plaintiff-employees on a contingency basis. Should plaintiffs' counsel be prevented from receiving the bargained for fees, or have his fees reduced for effecting an early settlement per their client's wishes and to their satisfaction, then labor law litigations would turn in to counsel unnecessarily running up the attorneys' bills and wasting judicial resources, consistent with the concerns addressed in Wal-Mart Stores, 396 F.3d at 121 (2d Cir. 2005).

Considering the foregoing *Goldberger* factors, the fees requested herein are fair and reasonable under the circumstances.

## CONCLUSION

Plaintiff and Defendants have been represented by their respective counsel throughout this lawsuit. Under their counsel's guidance and advice, the parties have approved of and agreed to the terms of the settlement. Plaintiffs' interests have thus been adequately safeguarded.

For the foregoing reasons, the parties believe the terms of the settlement, as reflected in the Agreement, are fair and reasonable and respectfully request that the Court approve the settlement. Plaintiff's counsel further requests that the Court approve the attorneys' fee award as fair and reasonable. A stipulation of dismissal will be filed upon Your Honor's approval of the parties' settlement.

Thank you for the Court's consideration in this matter.

Respectfully submitted,

*/s/ Sean S. Kwak*
Sean S. Kwak, Esq.
Kim, Cho & Lim, LLC
*Attorneys for Plaintiff*

cc: Scott Hur, Esq., attorney for Defendants – via ECF