UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
JI WON HONG,                                               :
                                                           :
                             Plaintiff,                    :
                                                           :       21-CV-8253 (VSB)
             -v-                                           :
                                                           :       OPINION & ORDER
                                                           :
                                                           :
NEW YORK MEAT, INC., et al.,                               :
                                                           :
                             Defendants.                   :
                                                           :
-----------------------------------------------------------X

Sean Seaokchan Kwak
Kim, Lim & Partners
Palisades Park, NJ
*Counsel for Plaintiff*

Robert L. Lash
Scott Kun Hur
Hur, Lash & Choe LLP
Englewood Cliffs, NJ
*Counsel for Defendants*

<u>VERNON S. BRODERICK</u>, United States District Judge:

      The parties have advised me that they have reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (Doc. 20.) Parties may not privately settle FLSA claims with prejudice and stipulate to the case's dismissal pursuant to Fed. R. Civ. P. 41(a) without the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because I find that the settlement agreement contains an overbroad non-disparagement clause and a impermissibly vague release clause that render the agreement not fair and reasonable,

1

the parties' request that I approve their settlement agreement is DENIED.

## I. Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (internal quotation marks omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement

or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II. Discussion

Pursuant to my Order of April 28, 2022, (Doc. 19), the parties submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorneys' fees, are fair and reasonable, (Doc. 20). I have independently reviewed the revised settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. For the reasons detailed below, I find that they are not, and therefore do not approve the parties' settlement agreement.

### A. *Settlement Amount*

I first consider the settlement amount. The agreement provides for the distribution to Plaintiff of $50,000, inclusive of attorneys' fees and expenses. (Doc. 20 at 2, 3.) Plaintiff believes he would be entitled to $52,492.50 for unpaid overtime, and a total of $124,025.93 for unpaid overtime, liquidated damages, and statutory damages. (*Id.* at 2.) While the settlement amount is therefore only a fraction of the total amount Plaintiff claims is owed to him, the settlement represents almost all of what Plaintiff believes he is owed in overtime, and the parties argue that this settlement is fair in light of the litigation and collection risks specific to this case. Indeed, the parties note that if Defendants are successful in "disproving Plaintiff's joint-employer theory," Plaintiff's damages "may be as low as $10,000." (*Id.* at 3.) The litigation risks and potential costs of continued litigation further militate in favor of settlement of this case. Discovery into "Plaintiff's work hours and his wage rates for each employer" may be time-consuming and difficult since "Defendants have maintained records of Plaintiff's work hours at some locations, but not at others." (*Id.*) Although the parties settled before beginning mediation through the Southern District of New York's Mediation program, the settlement was a result of "an hour-long conference via Zoom" between the parties "in presence of their respective counsel," in which the parties "had an

opportunity to explain their claims and defenses." (*Id*.) Accordingly, there is no basis for me to believe that there was any fraud or collusion involved in the settlement. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement amount appears to be a fair and reasonable given the circumstances of this case.

> **B.** *Non-Disparagement Clause*

I turn next to the settlement agreement's mutual non-disparagement clause. Courts in this District routinely reject FLSA settlement agreements that contain non-disparagement provisions with no carve-out for truthful statements about the litigation. *See, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015) (refusing to approve settlement that contained non-disparagement provision without a carve-out for truthful statements); *Baikin v. Leadership Sheet Metal, Inc.*, No. 16 Civ. 8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) (same); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (same); *Zapata v. Bedoya*, No. 14-CV-4114 (SIL), 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016) (same). Courts are particularly wary of provisions that "[prevent] the spread of information about FLSA actions to other workers . . . . who can then use that information to vindicate their statutory rights." *Zapata*, 2016 WL 4991594, at *2 (internal quotation marks omitted).

> The proposed settlement agreement provides that:
>
> The Parties agree that, unless required to do so by legal process, they will not make any disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about the other Party. For purposes of this Paragraph 7, a disparaging statement or representation is any communication which, if made to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character or product quality of the person or entity to whom the communication relates. This Paragraph 7 shall survive the expiration of this Agreement.

(Doc. 20-1 at ¶ 5.)[1]  The agreement further allows that "[a]ny material violation by either Party of the non-disparagement provision of this Agreement shall entitle the other Party to bring a legal action for appropriate equitable relief as well as damages, including reasonable attorneys' fees." (*Id.* at ¶ 6.)  However, the provision contains no carve-out allowing Plaintiff to make truthful statements about his involvement in this litigation.  Therefore, although the provision is mutual, "it nonetheless impermissibly restricts Plaintiff['s] ability to communicate with others in an effort to vindicate their statutory rights."  *Zapata*, 2016 WL 4991594, at *2 n.2.  As a result, this provision is impermissibly chilling, and I will not approve the settlement agreement since it does not contain a carve-out for truthful statements.

### C.     Release

Next, I turn to the release provision of the settlement agreement.  The settlement agreement contains an unclear release provision, under a paragraph heading titled "Other Actions and Covenant Not to Sue."  (Doc. 20-1 at ¶ 4.)  "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez*, 96 F. Supp. 3d at 181.).  Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic."  *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).  For this reason, "[a] number of judges

---

[1] Although the non-disparagement clause refers to "Paragraph 7," it is in fact in Paragraph 5.  Paragraph 7 instead provides that "[t]his Agreement shall be binding upon each of the Parties and upon the heirs, administrators, representatives, executors, successors and assigns of each of them, and shall inure to the benefit of each party and to the heirs, administrators, representatives, executors, successors, and assigns of each of them." (Doc. 20-1 at ¶ 7.)

in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia*, 2015 WL 9162701, at *2).

Here, the release provision is not necessarily overbroad, but it is impermissibly vague. The settlement agreement provides that Plaintiff "represents that he has not filed or participated in any action, charge, complaint or proceeding of any kind against the Releasees, in any court or before any administrative or investigative body or agency (other than the Complaint described above)." (Doc. 20-1 at ¶ 4.) There are several problems with this provision. First, "Releasees" as used in the provision is not defined anywhere in the agreement. Therefore, it is not clear to whom the provision applies. Second, although the paragraph heading is "Other Actions and Covenant Not to Sue," the proposed settlement agreement does not actually specify whether Plaintiff covenants "not to sue," and if so, whom Plaintiff promises not to sue, or for what. Consistent with my obligation to scrutinize the release provision for overbreadth, I find that the provision is too unclear to parse. For the foregoing reasons, the release provision must be revised, and I therefore cannot find the proposed settlement agreement to be fair and reasonable.

### D.    *Attorneys' Fees*

Lastly, I consider the attorneys' fees contemplated in the settlement agreement. The attorneys' fees sought are $17,160.64, representing "one-third of the settlement after deducting costs and expenses" of $740.96. (Doc. 20 at 3.) As an initial matter, courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL

6

9161791, at *2 (S.D.N.Y. Dec. 14, 2015)).  While this case is still at an early stage, it is clear that Plaintiff's counsel has expended time on at least the following:  drafting and filing the complaint; calculating damages; preparing for and attending the settlement conference; and negotiating and executing the settlement.  (*See* Doc. 20-2.)

Moreover, courts in this District typically approve hourly rates of approximately $175 to $450 for attorneys working on FLSA litigation.  *See, e.g.*, *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Richie Jordan Constr. Inc.*, No. 15-CV-3811 (PAE), 2015 WL 7288654, at *5 (S.D.N.Y. Nov. 17, 2015) (awarding fees to Plaintiff's counsel of $175/hour of junior associate time); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507-08 (S.D.N.Y. 2012) (awarding fees to Plaintiffs' counsel's firm at rates of $175/hour for associate work and $350/hour for partner work); *Ochoa v. Prince Deli Grocery Corp.*, No. 18 CIV. 9417 (ER), 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (calling $450/hour the "prevailing maximum rate in the Southern District").  Here, the attorneys billed at a rate of $400/hour, and the paralegals billed at a rate of $160/hour, making the lodestar $12,200.  (*See* Doc. 20 at 4; Doc. 20-2.)[2]  Therefore, the requested $17,160.64 award is a 1.4 multiplier of the lodestar.  While "[t]here is little consensus in this district on the appropriate range for lodestar multipliers . . . [a] multiplier near 2 compensates [plaintiffs' attorneys] appropriately."  *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 438–39 (S.D.N.Y. 2014) (collecting cases).  After all, "[f]ee awards in wage and hour cases should encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel."  *Fisher*, 948 F.3d at 603

---

[2] While I agree that based on the billing records, the lodestar is $12,200, the calculation of the lodestar in the parties' joint letter does not add up, seemingly because Plaintiff's counsel undercounted their hours.  (*Compare* Doc. 20 at 4 ("Plaintiff's counsel has spent a total of 23.25 hours (plus 5.25 hours of paralegals' time).") *with* Doc. 20-2 (billing records indicating 28 hours of attorney time and 6.25 hours of paralegal time)).  Plaintiff's counsel also fails to provide the credentials for the attorney by the initials "JC," who appears to have done 2.5 hours of work on this case.  (*See* Doc. 20-2 at 4, 6.)  Nevertheless, because the lodestar figure is ultimately supported by the attached billing statement, (Doc. 20-2), these deficiencies are not dispositive.  However, if the parties resubmit the request for approval counsel should address these deficiencies.

(internal quotation marks omitted). Based on this analysis, I find the attorneys' fees contemplated in the settlement agreement to be fair and reasonable.

### III. Conclusion

For the reasons stated above, I find that the overbroad non-disparagement clause and vague release clause in the proposed settlement agreement render the agreement not fair and reasonable. Accordingly, the parties' request that I approve the proposed settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement within twenty-one (21) days of the date of this Order that cures the deficiencies discussed above and any other terms that are not appropriate under the FLSA; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

The Clerk of the Court is respectfully directed to terminate the motions pending at Docs. 22 and 24.

SO ORDERED.

Dated:     October 10, 2023
           New York, New York

_____
Vernon S. Broderick
United States District Judge