# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is hereby entered into by and between Justin Hong ("Hong" or "Plaintiff") on the one hand and New York Meat, Inc., Han Kook Meat, Inc., NYM Prime Market, Inc., Reception House New York, Inc., and Jong Hwan No on the other hand .(collectively, "Defendants") for good and valuable consideration.  Hong and Defendants are collectively referred to as the "Parties."

**WHEREAS**, Hong filed a complaint in the United States District Court for the Southern District of New York, Case No. 1:21-cv-8253, alleging violations of the Fair Labor Standards Act and New York Labor Laws (the "Action"); and

**WHEREAS**, Defendants deny and continue to deny that they have engaged in any form of unlawful employment action, or engaged in any form of wrongdoing against Hong; and

**WHEREAS**, the Parties have agreed that it is in their mutual interest to avoid further costs of litigation, to resolve fully and finally all of their disputes, including the claims and charges concerning, relating to, or arising out of Hong's employment and separation therefrom, upon the terms and conditions more fully set forth hereinafter;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Non-Admission of Liability.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall in any way be construed as an admission by Defendants of any liability or any act of wrongdoing whatsoever against Hong. Rather, this Agreement constitutes the good faith settlement of disputed claims, and it is acknowledged and agreed by the Parties that this Agreement is being entered into to avoid the further burden, expense, delay and uncertainty of litigation.

2. **Settlement Benefits.** In consideration for the Parties signing this Agreement and Plaintiff's agreeing to voluntarily dismiss all claims asserted in the Complaint with prejudice, Defendants agree to pay a total of **$50,000.00**, made payable to "Kim, Cho & Lim, LLC, Trust Account". The aforementioned payment shall hereinafter be referred to as the "Settlement Payment". The Settlement Payment by Defendants shall be paid as follows:

    a. FIFTY THOUSAND DOLLARS ($50,000.00) within one (1) week of the court's approval of the Agreement.

Said checks shall be delivered to the law offices of Kim, Cho & Lim, LLC, at 460 Bergen Boulevard, Suite 305, Palisades Park, New Jersey 07650.

Parties agree to be responsible for their own counsel fees incurred in relation to the Action. In the alternative, Hong understands that the Defendants' payment of the settlement includes the payment for Hong's counsel fees incurred in relation to this Action. Hong understands and agrees that he will not seek anything further, including any other payments from Defendants relating to any claim arising out of the Action, provided Hong receives all of the Settlement Payments as

stated above.  In the event that a Settlement Payment is not received by the payment due date, or if a check is returned due to lack of sufficient funds, Plaintiff's counsel shall notify Defense counsel via electronic mail ("Notice") of the Default. Defendants shall have ten (10) business days from the Notice date to cure the Default.

3. **Tax Treatment.**  Defendants make no representations with respect to the taxability, in whole or in part, of the Settlement Payment. Hong agrees to pay any and all taxes and assessments that are or may become due and owing on account of the payment of any of the Settlement Payment, and to indemnify Defendants for any taxes and assessments (including but not limited to penalties or interest) that Defendants may be required to pay as a result of Hong's failure to pay required taxes or other assessments on any portion of the Settlement Payment, with the exception being standard employer FICA and FUTA matching taxes paid by employer.

4. **Other Actions and Covenant Not to Sue.**  Hong represents that he has not filed or participated in any action, charge, complaint or proceeding of any kind against the Defendants, in any court or before any administrative or investigative body or agency, based on the facts alleged in the Complaint in this matter (other than the Complaint described above).

5. **Dismissal of Claims With Prejudice.** In consideration for the Settlement Benefits set forth in paragraph 2, Plaintiff shall dismiss all claims asserted in the Complaint with prejudice, including all claims for attorneys' fees pursuant to the Fair Labor Standards Act and the New York Labor Law.

6. **Binding Nature of Agreement.**  This Agreement shall be binding upon each of the Parties and upon the heirs, administrators, representatives, executors, successors and assigns of each of them, and shall inure to the benefit of each party and to the heirs, administrators, representatives, executors, successors, and assigns of each of them.

7. **Entire Agreement.** This Agreement is intended by the Parties as a final expression of their agreement and as a complete and exclusive expression of its terms.  This Agreement, which shall be deemed to be a contract under seal, shall supersede all prior discussions, promises, representations or understandings, oral and written, among the Parties in connection with the subject matter hereof.

8. **Construction.**  The language of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

9. **Severability.**  In the event that any one or more of the provisions of this Agreement is held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions will not be affected or impaired thereby.  This Agreement shall survive the performance of the specific arrangements contained herein.

10. **Modification.**  This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the Party against whom such waiver is charged.

11.     **Counterparts.**  This Agreement may be executed and delivered in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument, and/or by facsimile and/or electronically, in which case the instrument so executed and delivered shall be binding and effective for all purposes.

12.     **Enforcement and Controlling Law.** This Agreement is made and entered into, and shall be subject to, governed by, and interpreted in accordance with the laws of the state of New York and shall be fully enforceable in the courts of that state, without regard to principles of conflict of laws, and shall be interpreted as neutral as between the Parties, without regard to any presumptions, inferences or rules of construction based on the authorship of the Agreement.  In addition to any and all other available remedies for the breach of any provision of this Agreement (none of which are waived in or by this Agreement), any party shall have the right to seek specific enforcement of this Agreement, except as to provisions which subsequently may be held invalid or unenforceable.

**PLEASE READ CAREFULLY BEFORE SIGNING. THIS SETTLEMENT AGREEMENT HAS IMPORTANT LEGAL CONSEQUENCES.**

**[signature page follows]**

IN WITNESS WHEREOF, the Parties have each executed this Agreement, signed as a sealed instrument, as of the last date written below.

_____
Justin Hong

Dated: 10/16/2023

_____
Jong Hwan No

Dated:

_____
On behalf of New York Meat, Inc.,

Print:

Title:

Dated:

_____
On behalf of Han Kook Meat, Inc.,

Print:

Title:

Dated:

_____
On behalf of NYM Prime Market, Inc.,

Print:

Title:

Dated:

_____
On behalf of Reception House New York, Inc.,

Print:

Title:

Dated:

**IN WITNESS WHEREOF,** the Parties have each executed this Agreement, signed as a sealed instrument, as of the last date written below.

_____
Justin Hong

Dated:

_____
Jong Hwan No

Dated: 11/1/23

_____
On behalf of New York Meat, Inc.,

Print: Jong Hwan No
Title: President
Dated: 11/1/23

_____
On behalf of Han Kook Meat, Inc.,

Print: Heng Ja Lee
Title: Pres
Dated: 11/1/23

_____
On behalf of NYM Prime Market, Inc.,

Print: Heng Ja Lee
Title: Pres.
Dated: 11/1/23

_____
On behalf of Reception House New York, Inc.,

Print: Glora No
Title: President
Dated: 11/1/23

- 4 -