```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JI WON HONG,                                                :
                                                            :
                                                            :
                              Plaintiff,                    :
                                                            :         21-CV-8253 (VSB)
                -v-                                         :
                                                            :         OPINION & ORDER
                                                            :
                                                            :
                                                            :
NEW YORK MEAT, INC., et al.,                                :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

Sean Seaokchan Kwak
Kim, Lim & Partners
Palisades Park, NJ
*Counsel for Plaintiff*

Robert L. Lash
Scott Kun Hur
Hur, Lash & Choe LLP
Englewood Cliffs, NJ
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

On October 10, 2023, I issued an Order denying without prejudice the parties' proposed settlement agreement, (Doc. 20, "First Settlement Agreement"), due to the inclusion of an overbroad non-disparagement clause and an impermissibly vague release clause, which rendered the agreement not fair and reasonable.[1] (Doc. 25, "October Order".) I instructed the parties that they could proceed by either (1) filing a revised proposed settlement agreement that cures the deficiencies outlined in my October Order, or (2) filing a joint letter indicating their intention to abandon settlement. (*Id.* at 8.) In accordance with my October Order, the parties filed a revised

---

[1] I assume the parties' familiarity with the background of this action and applicable legal standards as set forth in my October Order.

1

settlement agreement on November 2, 2023, removing the overbroad non-disparagement clause in its entirety and revising the release clause. (*See* Doc. 26, "Revised Settlement Agreement"; *see also* Doc. 26-2 (revised Settlement Agreement redline).) For the reasons stated in my October Order, and because I find that the Revised Settlement Agreement cures the deficiencies identified in my October Order, I find that the Revised Settlement Agreement of the parties is fair and reasonable and therefore approve it.

## I.   Legal Standard

Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 806–07 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy me that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d

170, 181 (S.D.N.Y. 2015)). "A number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, 15-CV-5123, 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)). This rejection also applies to future claims that are "known or unknown." *Rojas v. Bronx Moon LLC,* No. 17-CV-5825, 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018) ("The inclusion of 'any and all FLSA claims and NYLL claims of any kind or nature' is overbroad.").

## II.  Discussion

In my October Order, I noted that the settlement amount and the attorneys' fees contemplated by the First Settlement Agreement were fair and reasonable. (October Order 3–4, 6–8.) The discussion and analysis of the fairness of the settlement amount and attorneys' fees are incorporated in this Order.[2]

As noted, however, the First Settlement Agreement included a non-disparagement clause that I deemed overbroad because it lacked a carve-out permitting Plaintiff to make truthful statements. (October Order 4–5.) The Revised Settlement Agreement removes this clause in its entirety. The First Settlement Agreement also contained a release clause that was impermissibly vague. Specifically, the First Settlement agreement provided that Plaintiff "represents that he has not filed or participated in any action, charge, complaint or proceeding of any kind against the Releasees, in any court or before any administrative or investigative body or agency (other than the Complaint described above)." (First Settlement Agreement ¶ 4.) I deemed this provision impermissibly vague because it was unclear to whom the provision applied, as "Releasees" was not

---

[2] Although my October Order indicated that the attorneys' fees contemplated by the First Settlement Agreement were fair and reasonable, the parties' calculation of and discussion regarding attorneys' fees was not included in the agreement itself, but was instead set forth in the parties' joint settlement letter. (Doc. 20.) I consider the attorneys' fee request as incorporated in the First Settlement Agreement and the Revised Settlement Agreement.

defined in the agreement. In addition, although the paragraph was titled "Other Actions and Covenant Not to Sue," the agreement failed to specify whether, whom, and for what Plaintiff covenants not to sue. (October Order 5–6.)

The parties' Revised Settlement Agreement clarifies that the release provision applies to the "Defendants" instead of "Releasees," and applies only to the claims at issue in this action that occurred before execution of the agreement that are "based on the facts alleged in the Complaint in this matter." (Revised Settlement Agreement ¶ 4.) Thus, the released claims are now limited to "the claims at issue in this action," *Cionca*, 2016 WL 3440554, at *3, and the Revised Settlement Agreement sufficiently rectifies the deficiencies identified in my October Order. Therefore, I find the release provision is fair and reasonable.

### III.   Conclusion

For the reasons stated above and in my October Order, I find that the parties' Revised Settlement Agreement is fair and reasonable. The Revised Settlement Agreement of the parties is hereby APPROVED.

The Clerk of Court is directed to terminate any open motions and close this case.

SO ORDERED.

Dated:   October 30, 2024
         New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge